**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
(602) 288-1610 ext. 432
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Colin Thornley, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JPMorgan Chase & Co, a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Colin Thornley, individually and on behalf of all similarly situated employees ("Plaintiff and all similarly situated employees"), on behalf of himself and other employees and former employees similarly situated ("Plaintiff and all similarly situated employees and all similarly situated former employees"), for their Complaint against Defendant JPMorgan Chase & Co. ("Defendant") allege as follows:

## **NATURE OF THE CASE**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff and all similarly situated employees bring this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4. For at least three (3) years prior to the filing of this action, Plaintiff worked at least one to ten (1-10) hours in excess of forty (40) hours per week and was not paid time and a half.

5. For at least three (3) years prior to the filing of this action, Defendant had a consistent policy and practice of not paying certain non-exempt employees any overtime wages.

6. Plaintiff and all similarly situated employees seek to recover unpaid overtime compensation, overpayment of employment tax compensation, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be residents of Maricopa County, Arizona.

11. At all times material hereto, JPMorgan Chase was incorporated in the State of Delaware with its principal place of business located in New York.

## FACTUAL BACKGROUND

12. Defendant is a banking and financial services company.

13. Plaintiff and all other similarly situated employees were employed by Defendant as Client Service Associates.

14. Client Service Associates are responsible for making daily client transactions for high net and ultra-high net worth clients.

15. Client Services Associates were also responsible for advising clients on basic banking related needs such as performing client requests for products and services and basic administrative tasks.

16. All decisions of Client Services Associates needed to be cleared by supervisors of Defendant's.

17. Client Services Associates reported to and work exclusively out of offices of

Defendant.

18. Defendant gave training and specific instructions on how Client Service Associates were to perform their duties.

19. Defendant scheduled Client Service Associates to work specific hours.

20. Defendant expected Client Service Associates to work more than their scheduled hours on the weekends if necessary to complete their tasks.

21. Defendant never paid Client Service Associates for any hours worked in excess of 40 hours per week.

22. Defendant had authority to set the wages of Plaintiff and all other similarly situated employees.

23. Defendant suffered and permitted Plaintiff and all other similarly situated employees to work.

24. Defendant suffered and permitted Plaintiff and all other similarly situated employees to work for Defendant without properly compensating Plaintiff and all other similarly situated employees for all their time spent working.

25. Defendant had complete control over the manner in which Plaintiff and all other similarly situated employees would complete their work. Plaintiff and all other similarly situated employees followed Defendant's specific requirements for the performance of their work.

26. Defendant had the complete authority to exercise complete control with respect to all details of the employment relationship between the parties.

27. Plaintiff was hired by Defendant as a Client Service Associate on May 27, 2014.

28. Plaintiff was compensated with a salary of $65,250 per year.

29. Plaintiff and all similarly situated employees were classified as non-exempt

employees from the date of hire until February 2, 2016 when all Client Services Associates were switched to exempt employees.

30. Plaintiff and all similarly situated employees were not managers.

31. Plaintiff and all similarly situated employees did not have the authority to hire or fire other employees.

32. Plaintiff and all similarly situated employees did not exercise discretion and independent judgment with respect to matters of significance.

33. Until August 19, 2016, Defendant failed to properly compensate Plaintiff and all similarly situated employees for any of their overtime hours. During this time, Plaintiff and all similarly situated employees were regularly worked approximately 41-50 hours per week.

34. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff and all similarly situated employees are in the possession and custody of Defendant.

35. Defendant's failure and/or refusal to properly compensate Plaintiff and all similarly situated employees at the rates and amounts required by the FSLA were/was willful.

36. At all relevant times, Plaintiff and all similarly situated employees were "employees" of Defendant, as defined by 29 U.S.C. §203(e)(1).

37. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendant.

38. At all relevant times, Defendant were and continue to be an employer as defined in 29 U.S.C. § 203(d).

39. At all times material to this action, each of Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

40. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

41. The additional persons who may become Plaintiffs in this action "worked" for Defendant, held similar positions of Client Service Associates as Plaintiff, and worked at least one (1) hours in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours.

42. As required by 29 U.S.C. § 216(b), Plaintiff's Consent to Become a Party Plaintiff will be filed contemporaneously to this Complaint.

43. Plaintiff has retained the law firm of Phillips Dayes Law Firm, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

44. Plaintiffs incorporate and adopt paragraphs 1 through 43 above as if fully set forth herein.

45. While employed by Defendant, Plaintiff and all similarly situated employees consistently and regularly worked multiple hours of overtime each week.

46. Defendant has intentionally failed and/or refused to pay Plaintiff and all similarly situated employees' overtime according to the provisions of the FLSA.

47. Defendant has further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees in accordance with § 207 of the FLSA.

48. There are numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would

benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

49. The similarly situated employees are approximately 10,.000 present and former employees who have the same job description as Plaintiff and perform the same or similar job functions.

50. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all current employees and former employees of Defendant who have been employed with Defendant in the roles of Client Services Associate would benefit from Court Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

51. As a result of Defendant's violations of the FLSA, Plaintiff and all similarly situated employees have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

52. Under 20 U.S.C. §216 Defendant is liable to Plaintiff and all similarly situated employees for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

53. In addition to the amount of unpaid wages owed to Plaintiff and all similarly situated employees are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

54. Defendant's actions in failing to compensate Plaintiff and all similarly situated employees, in violation of the FLSA, were willful.

55. Defendant has not made a good faith effort to comply with the FLSA.

56. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Awarding Plaintiff and all similarly situated employees overtime compensation in the amount due to him for all of Plaintiff's and all similarly situated employees' time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's and all similarly situated employees 's regular rate while at work with Defendant;

b. Awarding Plaintiff and all similarly situated employees liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's and all similarly situated employees' costs incurred in this action;

e. Awarding Plaintiff and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to all those similarly situated to Plaintiff; and

h. For such other and further relief as the Court deems just and proper.

# COUNT TWO
## DECLARATORY JUDGMENT

57. Plaintiff incorporates and adopts paragraphs 1 through 56 above as if fully set forth herein.

58. Plaintiff and Defendants have an overtime compensation dispute pending.

59. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

60. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendant employed Plaintiff.

    b. Defendant is engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff, individually, is covered by the overtime provisions of the FLSA.

    d. Plaintiff was a non- exempt employee pursuant to the FLSA.

    e. Defendant failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f. Defendant's failures to pay overtime compensation to Plaintiff were willful.

    g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendant at the rate of one and one-half times Plaintiff's regular rate of pay.

    h. Plaintiff is entitled to an equal amount as liquidated damages.

    i. Plaintiff is entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting their claims.

61. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the

legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

62. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper

Dated: January 19, 2017                    Respectfully submitted,

                                          **PHILLIPS DAYES LAW FIRM PC**
                                          By: /s/ Trey Dayes
                                                Trey Dayes
                                                Sean C. Davis
                                                Preston K. Flood
                                                Attorney for Plaintiff